**Electronically Filed
Intermediate Court of Appeals
30711
30-DEC-2013
10:37 AM**

NOS. 30710 and 30711

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


NO. 30710

In the Matter of Cost Review Billing Dispute Regarding:
DARRELL D. LINOGON, Claimant-Appellee,
v.
CITY MILL, Employer-Appellee,
and
ARGONAUT INSURANCE COMPANY, Insurance Carrier-Appellee,
v.
EMERSON M.F. JOU, M.D., Appellant-Appellant.


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2009-230 (2-00-14173))


NO. 30711

In the Matter of Cost Review Billing Dispute Regarding:
CLARITA PINSON, Claimant-Appellee,
v.
WAIKIKI BEACH MARRIOTT RESORT, Employer-Appellee,
and
MARRIOTT CLAIMS SERVICE ASSOCIATION,
Insurance Carrier-Appellee,
v.
EMERSON M.F. JOU, M.D., Appellant-Appellant.


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2009-231 (2-01-06278))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Fujise, JJ.)

These two appeals, which we consolidated for disposition, arise from a dispute over whether the Director of Labor and Industrial Relations (Director) should have required the payment of interest on disputed billings under Hawaiʻi Administrative Rules (HAR) § 12-15-94(c). At the time relevant to these appeals, HAR § 12-15-94(c) (1996) provided:

> The employer, after accepting liability, shall pay all charges billed within sixty calendar days of receipt of such charges except for items where there is a reasonable disagreement. <u>If more than sixty calendar days lapse between the employer's receipt of an undisputed billing and date of payment, payment of billing shall be increased by one per cent per month of the outstanding balance.</u> In the event of disagreement, the employer shall pay for all acknowledged charges within sixty days of receipt and shall negotiate with the provider of service on items in disagreement.

(Emphasis added.)[1]

_____

[1] If the parties cannot resolve their billing dispute, HAR § 12-15-94(d) (2001) sets forth a procedure for the Director to resolve the dispute as follows:

> In the event a reasonable disagreement relating to specific charges cannot be resolved, the employer or provider of service may request intervention by the director in writing with notice to the other party. Both the front page of the billing dispute request and the envelope in which the request is mailed shall be clearly identified as a "BILLING DISPUTE REQUEST" in capital letters and in no less than ten point type. The director shall send the parties a notice and the parties shall negotiate during the thirty-one calendar days following the date of the notice from the director. If the parties fail to come to an agreement during the thirty-one calendar days, then within fourteen calendar days following the thirty-one day negotiating period, either party may file a request, in writing, to the director to review the dispute with notice to the other party. The director shall send the parties a second notice requesting the parties file position statements, with substantiating documentation to specifically include the amount in dispute and a description of actions taken to resolve the dispute, within fourteen calendar days following the date of the second notice from the director. The director shall review the positions of both parties and render an administrative decision without hearing. A service fee of up to $500 payable to the State of Hawaii General Fund will be assessed at the discretion of the director against either or both parties
>
> (continued...)

Appellant-Appellant Emerson M.F. Jou, M.D. (Dr. Jou) appeals from two decisions and orders issued by the Labor and Industrial Relations Appeals Board (LIRAB). In Appeal No. 30710, Dr. Jou appeals from the Decision and Order filed by the LIRAB on August 9, 2010, in Case No. AB 2009-230 in favor of Employer-Appellee City Mill (City Mill) and Insurance Carrier-Appellee Argonaut Insurance Company (Argonaut) (collectively, "Employer 1"). In Appeal No. 30711, Dr. Jou appeals from the Decision and Order filed by the LIRAB on August 2, 2010, in Case No. AB 2009-231 in favor of Employer-Appellee Waikiki Beach Marriott Resort (Waikiki Marriott) and Insurance Carrier-Appellee Marriott Claims Service Association (Marriott) (collectively, "Employer 2").

The LIRAB granted the motions for summary judgment filed by Employer 1 and Employer 2, and thereby affirmed the Director's determinations that Dr. Jou was not entitled to interest on billings which Employer 1 and Employer 2 had disputed. As explained below, we affirm the LIRAB's Decision and Order in both cases.

I.

Much of the relevant background facts and the procedural history in these consolidated appeals is set forth in our decision in Jou v. Hamada, 120 Hawaiʻi 101, 201 P.3d 614 (App. 2009), and will not be repeated here.[2] In Jou, we held that the provision of HAR § 12-15-94(d) that prohibited any appeal of the Director's decisions in billing disputes between employers and medical service providers in workers' compensation cases was invalid as beyond the Director's rulemaking power. Id.

---

[1] (...continued)
who fail to negotiate in good faith. The decision of the director is final and not appealable.

[2] In Jou, we consolidated appeals involving the same underlying cases as the present appeals.

3

at 104, 201 P.3d at 617. We further held that Dr. Jou shall be permitted to file appeals of the Director's decisions in these two cases with the LIRAB within twenty days of the effective date of our judgment on appeal. Id. at 114, 201 P.3d at 627. We expressed no opinion on the merits of Dr. Jou's challenges to the Director's decisions. Id.

Dr. Jou thereafter appealed the Director's decisions, which had denied his requests for interest, to the LIRAB. Employer 1 and Employer 2 both moved for summary judgment, arguing, among other things, that (1) HAR § 12-15-94(c) only authorized the imposition of a one percent interest penalty on undisputed unpaid invoices, and (2) because there was no factual dispute that Employer 1 and Employer 2 had disputed Dr. Jou's invoices, Employer 1 and Employer 2 were entitled to a decision in their favor as a matter of law. Dr. Jou filed oppositions to the motions of Employer 1 and Employer 2.

In August 2010, the LIRAB issued its decisions and orders granting the motions for summary judgment filed by Employer 1 and Employer 2. In granting Employer 1's motion for summary judgment in Case No. AB 2009-230, the LIRAB concluded: "There is no factual disagreement that [Employer 1] disputed Dr. Jou's November 9, 2000 bill for massage services rendered from October 2, 2000 through October 23, 2000. Said dispute was reasonable, and, therefore, the interest provisions of [HAR] § 12-15-94(c) . . . do not apply."

In granting Employer 2's motion for summary judgment in Case No. AB 2009-231, the LIRAB determined that Dr. Jou's appeal only raised the issue of whether Dr. Jou was entitled to interest on his billings for office visits on June 2, 2001, and June 18, 2001, and did not raise the issue of his entitlement to interest on the billings for massage services for the period May 10, 2001, to June 21, 2001. The LIRAB agreed with Employer 2's argument

4

that the interest provisions of HAR § 12-15-94(c) did not apply to disputed billings. The LIRAB stated:

> [Employer 2] argues that because there was no factual dispute that [Employer 2] disputed Dr. Jou's invoices, and because only "undisputed" unpaid invoices are subject to the 1% interest penalty under [HAR] § 12-15-94(c) . . . , [Employer 2] is entitled to a decision as a matter of law. The [LIRAB] finds [Employer 2's] position to be correct; because [Employer 2] timely disputed Dr. Jou's bills for office visits on June 2, 2001 and June 18, 2001, the interest provisions of [HAR] § 12-15-94(c) . . . do not apply.

(Emphasis added.) The LIRAB concluded: "There is no factual disagreement that [Employer 2] disputed Dr. Jou's bill for office visits on June 2, 2001 and June 18, 2001. Said dispute was reasonable, and, therefore, the interest provisions of [HAR] § 12-15-94(c) . . . do not apply."

## II.

On appeal, Dr. Jou argues in both Appeal No. 30710 and Appeal No. 30711 that: (1) the LIRAB erred in granting summary judgment on reasonableness as a matter of law; (2) the LIRAB erred in overlooking the record which showed that the employer's dispute was unreasonable; (3) "decisions, including subsequent cost-branch review letters[,] did not support . . . [the] LIRAB's conclusion of reasonableness" (initial capitalization omitted); (4) the LIRAB's decision to uphold the Director's decision violated Dr. Jou's due process rights; and (5) the LIRAB misconstrued HAR § 12-15-94(c) in denying Dr. Jou's request for interest.[3]

---

[3] In Appeal No. 30711, Dr. Jou additionally argues that the LIRAB erred in failing to modify its pretrial order and to consider Dr. Jou's claim that he was entitled to interest on his billings for massage services as well as the billing for the two office visits. Given our analysis in these two appeals, we need not reach this additional argument.

A.

The decision in these two appeals turns on the interpretation of HAR § 12-15-94(c).[4/] Namely, (1) whether HAR § 12-15-94(c) mandates the imposition of the one percent per month interest penalty only on an employer who does not dispute the billings and fails to pay for more than sixty days or (2) whether HAR § 12-15-94(c) also requires the Director to determine the reasonableness of an employer's billing dispute and to impose the one percent per month interest penalty if the Director determines the employer's dispute was unreasonable.

As noted, at the time relevant to these appeals, HAR § 12-15-94(c) provided:

> The employer, after accepting liability, shall pay all charges billed within sixty calendar days of receipt of such charges except for items where there is a reasonable disagreement. <u>If more than sixty calendar days lapse between the employer's receipt of an undisputed billing and date of payment, payment of billing shall be increased by one per cent per month of the outstanding balance.</u> In the event of disagreement, the employer shall pay for all acknowledged charges within sixty days of receipt and shall negotiate with the provider of service on items in disagreement.

(Emphasis added.)

---

[4/] For purposes of our analysis, there is no material difference between the current version of HAR § 12-15-94(c) and the version applicable to these two appeals. The current version of HAR § 12-15-94(c) provides:

> The employer, after accepting liability, shall pay all charges billed within sixty calendar days of receipt of such charges except for items where there is a reasonable disagreement. If more than sixty calendar days lapse between the employer's receipt of an undisputed billing and date of payment, payment of billing shall be increased by one per cent per month of the outstanding balance. In the event of disagreement, the employer shall pay for all acknowledged charges and shall notify the provider of service, copying the claimant, of the denial of payment and the reason for denial of payment within sixty calendar days of receipt. Furthermore, the employer's denial must explicitly state that if the provider of service does not agree, the provider of service may file a "BILL DISPUTE REQUEST" to include a copy of the original bill with the director within sixty calendar days after postmark of the employer's objection, and failure to do so shall be construed as acceptance of the employer's denial.

Employer 1 and Employer 2 argue that HAR § 12-15-94(c) clearly provides that the one percent per month interest penalty is to be imposed only when an employer fails to pay an undisputed bill within sixty days. We agree. We conclude that under the plain language of HAR § 12-15-94(c), the imposition of the one percent per month interest penalty only applies to undisputed billings that remain unpaid for more than sixty calendar days. See Kaleikini v. Yoshioka, 128 Hawaiʻi 53, 67, 283 P.3d 60, 74 (2012) (applying general principles of statutory construction to the interpretation of administrative rules).

Our interpretation of HAR § 12-15-94(c) also appears to be consistent with how the LIRAB and the Director have interpreted the rule. See id. ("An agency's interpretation of its own rules is generally entitled to deference.") As noted, in granting Employer 2's motion for summary judgment, the LIRAB stated that Employer 2's position that the one percent interest penalty under HAR § 12-15-94(c) only applies to undisputed billings was correct. The record also reflects that in denying Dr. Jou's request that Employer 1 be required to pay the interest penalty, the Administrator of the Disability Compensation Division of the Department of Labor and Industrial Relations stated:

> Pursuant to Section 12-15-94(c), Hawaii Administrative Rules, a one per cent per month simple interest is invoked for late payment of fees with no just cause, i.e., involves no dispute over a fee.
>
> Therefore, with employer's payment of the disputed fees, we deem this bill complaint resolved and employer shall not be liable for an assessment of one per cent per month simple interest.

HAR § 12-15-94(c) was implemented pursuant to Hawaii Revised Statutes (HRS) § 386-21(c). HRS § 386-21(c) (Supp. 2012) provides in relevant part:

7

> When a dispute exists between an insurer or self-insured employer and a medical services provider regarding the amount of a fee for medical services, <u>the director may resolve the dispute in a summary manner as the director may prescribe</u>; provided that a provider shall not charge more than the provider's private patient charge for the service rendered.

(Emphasis added.) HRS § 386-21(c) authorizes the Director to resolve disputes over billings for medical services in an summary manner; it does not require the Director to determine the reasonableness of a billing dispute or to impose an interest penalty on a disputed billing if the Director determines the employer's dispute was unreasonable. Accordingly, HAR § 12-15-94(c)'s imposition of an interest penalty only on undisputed billings that remain unpaid for sixty calendar days does not conflict with, and is not inconsistent with, HRS § 386-21(c).

The Director could rationally have decided to limit the interest penalty to situations where the criteria for imposing the penalty was clear -- the billing was not disputed -- and to avoid creating additional issues, which would detract from resolving billing disputes in a summary manner, that would be generated by extending the interest penalty to disputed billings upon a determination by the Director that the employer's dispute was unreasonable. We note that HAR § 12-15-94 is not devoid of disincentives to an employer's disputing a billing unreasonably. HAR § 12-15-94(d) authorizes the Director to assess a service fee of up to $500 against a party who fails to negotiate a disputed billing in good faith. In addition, HRS 386-93(a) (Supp. 2012) authorizes the Director and the LIRAB to impose attorney's fees and costs against a party who has without reasonable ground brought or defended a proceeding under the Hawai'i Workers' Compensation Law.[5]

---

[5] In <u>Botelho v. Atlas Recycling Centers, LLC</u>, No. 30226, 2013 WL 764878 (Hawai'i App. Feb. 28, 2013) (memorandum opinion), we held that the pre-2012

(continued...)

8

B.

Because we construe HAR § 12-15-94(c) as authorizing the imposition of the interest penalty only on undisputed billings, and because it is uncontested that the billings on which Dr. Jou sought the imposition of the interest penalty were disputed by Employer 1 and Employer 2, we conclude that the LIRAB did not err in granting summary judgment in favor of Employer 1 and Employer 2. In light of our construction of HAR § 12-15-94(c), we need not address Dr. Jou's claims that the LIRAB erred in determining that the disputes by Employer 1 and Employer 2 over Dr. Jou's billings were reasonable. Dr. Jou does not cite any persuasive authority to support his claim that the LIRAB violated his due process rights, and we reject this claim. Based on our analysis, we also reject Dr. Jou's claim that the LIRAB misconstrued HAR § 12-15-94(c) in denying his requests for interest.

III.

For the foregoing reasons, we affirm: (1) the August 9, 2010, Decision and Order filed by the LIRAB in Case No. AB 2009-

//
//
//
//
//
//
//
//

---

5/ (...continued)
version of HRS § 386-93(a) authorized the imposition of both attorney's fees and costs, overruling a prior unpublished decision limiting HRS § 386-93(a) to the assessment of costs. In 2012, the Hawai'i Legislature amended HRS § 386-93(a) to explicitly state that attorney's fees and costs may be assessed under the statute. See 2012 Haw. Sess. L. Act 234, § 1 at 810.

9

230 and (2) the August 2, 2010, Decision and Order filed by the LIRAB in Case No. AB 2009-231.

DATED: Honolulu, Hawaiʻi, December 30, 2013.

On the briefs:

Stephen M. Shaw
for Appellant-Appellant

Kenneth T. Goya
Steven L. Goto
Richard F. Nakamura
(Ayabe, Chong, Nishimoto,
Sia & Nakamura, LLLP)
for Employer/Insurance
Carrier-Appellee

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

*Alexa D. M. Fujise*
Associate Judge

10